*558 OPINION.
Lansdon:
The controversy in this proceeding arises from different interpretations of section 203 of the Revenue Act of 1926 as applied to the facts stated above. Section 203 provides in part:
*559 (b) (2) No gain or loss shall be recognized if stock or securities in a corporation a party to a reorganization are, in pursuance of the plan of reorganization, exchanged solely for stock or securities in such corporation or in another corporation a party to the reorganization.
(d) (1) If an exchange would be within the provisions of paragraph (1), (2), or (4) of subdivision (b) if it were not for the fact that the property received in exchange consists not only of property permitted by such paragraph to be received without the recognition of gain, but also of other property or money, then the gain, if any, to the recipient shall be recognized, but in an amount not in excess of the sum of such money and the fair market value of such other property.
(h) As used in this section and sections 201 and 204—
(1) The term “reorganization” means (A) a merger or consolidation * * *.
In computing the deficiencies herein involved, the respondent has cut through the form by which the Devonian Oil Co. was consolidated with the Oklahoma Eastern Oil Co. and has determined that there was an exchange of stock in one corporation for stock of another corporation plus cash, and that under the provisions of section 203 (d) (1) gain will be recognized to the extent of the cash received.
The petitioners contend that there was an exchange of common stock of the Devonian Co. for stock of the Oklahoma Co., a purchase of new stock by the exercise of stock rights, and a sale of Devonian preferred stock for cash, which for taxation purposes will be regarded as separate and distinct transactions. They contend that, under the provisions of section 203 (b) (2), no gain will be recognized from the exchange of stock for stock; that the purchase of stock by exercising stock rights does not give rise to a taxable profit; and that the sale of Devonian preferred stock resulted in gain only to the extent by which the sale price exceeded the cost or March 1, 1913, value, as provided in section 204 (a) of the Revenue Act of 1926.
Although the respondent has applied section 203 (d) (1) as to each of the petitioners, he has adopted two conflicting interpretations of the facts. From the computations set out in our findings, it appears that as to the petitioner Evans, he has regarded as cash received the total sale price of the preferred stock and has disregarded the new stock acquired by the exercise of stock rights. As to the other petitioners he adopts the view that there was an exchange of common and preferred stock of the Devonian Oil Co. for stock of the Oklahoma Eastern Oil Co. plus cash. He considers as stock received in exchange for Devonian common and preferred the *560 total number of Oklahoma Eastern Oil Co. shares received, which includes the stock acquired by the exercise of stock rights accruing to the new stock. The balance of the sale price of the preferred stock is considered as cash received, although a part of such amount was used to pay for new stock acquired by the exercise of stock rights accruing to the stock owned prior to the reorganization.
In effecting a reorganization of the two companies a definite plan was adopted, calling for an exchange of Oklahoma Eastern Oil Co. stock for Devonian common stock and the purchase of Devonian preferred stock for cash. In order to raise the necessary capital with which to retire the preferred stock, additional stock was sold for cash by the Oklahoma Co.
Certain Devonian stockholders, including these petitioners, owned both common and preferred stock, as well as stock in the Oklahoma Eastern Oil Co. To facilitate the transactions in such cases where the stockholders elected to accept the respective offers, the purchase price of the new stock was charged against the sale price of the preferred and the balance was paid in cash. There were stockholders, however, who owned only one class of stock. They paid cash for the new stock or received cash for. their preferred stock.
Our interpretation of the facts presented is in accord with the petitioners’ contentions. Prior to the reorganization each petitioner owned two distinct classes of property, namely, common stock and preferred stock. Under the provisions of the revenue act, each had a separate basis upon which to compute gain or loss. If either or both were sold, profit would be computed upon such separate basis. If the preferred stock were sold for cash and the common stock retained, profit would be computed by subtracting the basis for the preferred stock from the sale price, without regard to the common stock. We think the same method should be followed when the preferred stock is sold for cash and the common stock exchanged for common stock pursuant to a plan of reorganization. Section 203(b) (2) provides that no gain shall be recognized if stock in a corporation a party to a reorganization is exchanged solely for stock in another corporation a party to the reorganization. The facts are clear that the Devonian common stock was exchanged solely for stock in the Oklahoma Eastern Oil Co., which transaction, we think, comes squarely within the provisions of section 203(b) (2).
Each of the petitioners exercised his rights to subscribe for new stock of the Oklahoma Eastern Oil Co. on the basis of one share for each share held. Although the market value of the stock acquired was $1.50 per share and the subscription price $1 per share, there was no realization of profit from the transaction. Miles v. Safe Deposit Co. 259 U. S. 249.
*561 The preferred stock was sold for cash and each of the petitioners realized a profit, if any, equal to the difference between the sale price and the basis provided in section 204(a) of the Revenue Act of 1926.
Reviewed by the Board.

Decision will be entered under Rule 50.

SteeNhageN and Murdock dissent.